UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CINDY K.,<br><br>                    Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. 3:23-CV-6078-DWC<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for disability insurance benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court finds no reversible error and affirms the Commissioner's decision to deny benefits.

**I.   BACKGROUND**

Plaintiff filed her application for DIB on November 7, 2017. Administrative Record (AR) 74, 277. She alleged disability beginning August 24, 2017. AR 1529. After her application was denied initially and upon reconsideration, the Administrative Law Judge (ALJ) held a hearing at

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 1

1   which Plaintiff was represented in April 2019. AR 147–85. The ALJ issued a decision finding

2   Plaintiff not disabled in July 2019 (AR 71–91), which U.S. Magistrate Judge Richard Creatura

3   reversed in October 2021 (AR 1607–17). On remand, the ALJ held another hearing on March 16,

4   2023. AR 1554–74. He issued another decision finding Plaintiff not disabled on July 28, 2023.

5   AR 1526–53. Plaintiff failed to file exceptions with the Appeals Council, making the ALJ's

6   decision the Commissioner's final decision subject to judicial review. *See* 20 C.F.R. §

7   404.984(a). Plaintiff filed a Complaint in this Court on November 28, 2023. Dkt. 5.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g) this Court may set aside the Commissioner's denial of social security benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

In her opening brief, Plaintiff argues the ALJ failed to properly evaluate her subjective symptom testimony and several medical opinions and erred in formulating the residual functional capacity (RFC). *See generally* Dkt. 19.

**A.   Subjective Symptom Testimony**

Plaintiff challenges the ALJ's assessment of her subjective symptom testimony. Dkt. 19 at 19–23. Plaintiff testified she has difficulties walking for more than a block, standing for more than five minutes at a time, or sitting for more than ten to twenty minutes. AR 167–69; *see also* AR 1562. She also testified that she has several mental limitations, including memory and concentration issues. *See* AR 156, 160, 170, 1560, 1564–67.

When an ALJ finds a claimant presented evidence of an underlying impairment which could be expected to produce her alleged symptoms, "the ALJ can reject [plaintiff's] testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons," unless there is evidence of malingering. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Here, the ALJ found Plaintiff produced evidence of impairments which "could reasonably be expected to cause only some of the alleged symptoms." AR 1538. However, the ALJ failed to identify symptoms which were not reasonably expected results of Plaintiff's medically determinable impairments. *See id.* Defendant assumes the specific, clear, and convincing standard applies to the entirety of the ALJ's analysis. *See* Dkt. 23 at 2–5. The Court therefore proceeds under the assumption that the ALJ was required to meet that standard.

Plaintiff contends the ALJ did not meet this standard because he "simply recit[ed] the medical evidence in support of his . . . [RFC] determination." Dkt. 19 at 20 (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015)). The Court disagrees. The ALJ summarized Plaintiff's testimony (*see* AR 1538–39), and then, after summarizing the medical evidence, found there was greater support for the RFC he assessed (*see* AR 1539–41) while finding more restrictive limitations were inconsistent with medical evidence and Plaintiff's activities of daily living (AR 1539, 1540). He therefore did, indeed, indicate which parts of Plaintiff's testimony he rejected and explained why he rejected that testimony, meeting his burden. *See Sanchez v. Comm'r of Soc. Sec.*, 2020 WL 732933 at *7 (E.D. Cal. Feb. 13, 2020) (distinguishing *Brown-Hunter* where "the ALJ made specific references to the portions of the Plaintiff's testimony and record that were found to be inconsistent with the alleged disabilities"); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 ("Even when an agency 'explains its decision with less than ideal

clarity,' [the Court] must uphold it 'if the agency's path may reasonably be discerned.'") (quotation omitted); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) ("Our cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony[.]").

With respect to Plaintiff's alleged physical limitations, the ALJ found the allegations inconsistent with evidence of normal physical examination findings showing Plaintiff had normal unassisted gait, normal coordination, and normal strength and sensation throughout her body. AR 1539 (citing AR 501, 504, 694, 708-09, 730, 763, 767, 835, 839-90, 924, 935, 1030, 1038, 1048, 1515, 1797, 1810, 1832-33, 1901, 1913, 1944, 1956-57, 1987, 2009-10, 2037, 2063-64, 2096, 2121, 2133, 2146, 2155, 2157, 2192, 2224, 2245-46, 2294, 2311). The ALJ also noted Plaintiff's condition "significantly improved with no hardware malfunction after her surgery in August 2017." *Id.* (citing AR 529, 768, 832, 835, 1897, 2046, 2090, 2140). Plaintiff's opening brief raises no argument challenging these findings. *See* Dkt. 19 at 19–24. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony[.]" *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). The ALJ therefore adequately addresses Plaintiff's alleged physical limitations.

The ALJ similarly discounted Plaintiff's testimony about her alleged mental limitations by finding her allegations inconsistent with the largely normal mental status examinations throughout the record. *See* AR 1540–41. The ALJ acknowledged that some mental status examinations conducted of Plaintiff had abnormal findings such as impaired attention and concentration but found that in "most of the mental status examinations" in the record Plaintiff had "a normal mood, a normal affect, normal insight, normal concentration, and normal memory." AR 1541 (citing 501, 504, 616, 625, 694, 696, 709, 729-30, 763, 782-84, 839-40, 924, 935, 1024, 1030, 1038, 1049, 1515, 1522, 1797, 1832-33, 1889, 1901, 1907, 1913, 1917, 1937,

1956-57, 1970, 1072, 1974, 1976, 1987, 2009-10, 2037, 2040, 2049-50, 2063-64, 2096, 2133, 2146-47, 2155-56, 2224, 2246, 2289, 2292, 2294, 2315-19, 2326).

Plaintiff contends this finding was not supported by substantial evidence because some treatment notes contained abnormal mental status examination results. *See* Dkt. 19 at 21. But the ALJ considered those abnormal results and found the weight of the evidence was nevertheless inconsistent with Plaintiff's allegations. *See* AR 1541. The Court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) (citation omitted). Plaintiff also contends the finding is not supported by substantial evidence because some of the treatment notes referenced by the ALJ were not from mental health providers. Dkt. 19 at 20–21. However, general practice providers are competent to assess a claimant's mental health conditions and evidence from such providers can still support an ALJ's decision. *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (finding primary care physician competent to provide opinion on a claimant's mental health because "it is well established" such physicians "identify and treat the majority of Americans' psychiatric disorders" and because he provided "clinical observations of [the claimant's] depression"). The ALJ therefore adequately addressed Plaintiff's mental limitations.

The Court need not consider the remaining reasons for rejecting Plaintiff's testimony given by the ALJ, as any error in those reasons would be harmless. *See Molina*, 674 F.3d at 1115 (ALJ error in discounting subjective testimony "harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion") (quotation and citation omitted).

**B.     Medical Opinion Evidence**

Plaintiff argues the ALJ erred in evaluating the medical opinions of Melinda Losee, Ph.D.; Rebecca Waggoner, ARNP; John Ernst, Ph.D.; Wendy Hartinger, Psy.D.; and several state agency consultants. Dkt. 19 at 2–19.[1]

For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. § 404.1520c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2). The ALJ's explanation for discounting an opinion must be supported by substantial evidence. *See Woods*, 32 F.4th at 792.

　　　1.     Dr. Losee

Dr. Losee submitted an opinion in July 2018 (AR 752–55) which the ALJ found persuasive (AR 1542). Plaintiff contends the ALJ failed to account for Dr. Losee's note that Plaintiff "would have problems tolerating normal work pressures at present due to severe depression" and that the ALJ mischaracterized Dr. Losee's diagnosis of Plaintiff. Dkt. 19 at 3–4.

---

[1] Plaintiff summarizes much of the rest of the medical evidence but fails to make any substantive argument about the ALJ's evaluation of any opinions or impairments other than those discussed herein. *See* Dkt. 19 at 7–18. The Court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle*, 533 F.3d at 1161 n.2 (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). The Court thus does not consider the ALJ's evaluation of any opinions other than those discussed herein.

In Plaintiff's first appeal of the ALJ's denial of benefits, Judge Creatura rejected these same arguments in his March 2023 opinion and found the ALJ did not err in evaluating Dr. Losee's opinion. *See* AR 1614–15. "[T]he law of the case doctrine . . . appl[ies] in the social security context." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). It "generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Id.* (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). Because the same allegations of error Plaintiff makes here with respect to Dr. Losee's opinion were previously rejected by this Court, the law of the case doctrine precludes Plaintiff from relitigating these issues. Plaintiff contends the law of the case doctrine is inappropriately applied here because the ALJ was directed "to reweigh the evidence as necessary on remand." Dkt. 24 at 3 (citing AR 1615). But under that mandate, the ALJ could retain his prior analysis of Dr. Losee's opinion, as it had been affirmed by this Court.

    2. <u>ARNP Waggoner</u>

ARNP Waggoner submitted an opinion in July 2017 opining, based on Plaintiff's thoracic kyphosis, that Plaintiff could never lift, twist, bend, crawl, climb, or carry. AR 757–60.

The ALJ discounted the opinion because it was unsupported, as the opinion was "offered prior to [Plaintiff's August 2017] surgery and before she had any idea how [Plaintiff] would respond to surgery," and ARNP Waggoner "did not conduct any physical examinations on the claimant after October 2017 to support such restrictive physical limitations." AR 1543. The ALJ explained in his summary of the medical evidence that, after Plaintiff's surgery, imaging reports showed Plaintiff's thoracic kyphosis had significantly improved. AR 1539 (citing 529, 768, 832, 835, 1897, 2046, 2090, 2140). The ALJ reasonably found ARNP Waggoner's opinion unsupported, as it pertained to Plaintiff's condition prior to her August 2017 surgery and onset

1  date, and reasonably concluded her surgery would change her condition such that an opinion
2  rendered prior to that surgery would not pertain to the relevant period. *See* 20 C.F.R. §
3  404.1520c(c)(1) (supportability considers, *inter alia*, how relevant the objective medical
4  evidence presented by a medical source is); *Carmickle*, 533 F.3d at 1165 ("Medical opinions that
5  predate the alleged onset of disability are of limited relevance.").

6  Additionally, the ALJ discounted the opinion because ARNP Waggoner saw Plaintiff
7  only several times in connection with ordering testing and referrals and serving as an assistant to
8  Plaintiff's surgeon but had not, at the time the opinion was rendered, examined Plaintiff. AR
9  1543. An ALJ may consider the extent of a provider's treatment relationship with a claimant in
10 determining how persuasive the provider's opinion is. *See* 20 C.F.R. §§ 404.1520c(b)(2),
11 404.1520c(c)(3)(iv).

12 In sum, the ALJ gave valid reasons for discounting ARNP Waggoner's opinion which
13 were supported by substantial evidence. *See Woods*, 32 F.4th at 792–93 (finding proper
14 consideration of one of supportability-and-consistency factors to be adequate basis to affirm);
15 *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (error inconsequential
16 to non-disability determination is harmless).

17     3.  <u>Dr. Ernst</u>

18 Dr. Ernst submitted an opinion in March 2019. AR 2330–34. The ALJ found it
19 persuasive, but noted it was "vague without specifying the frequency in which the claimant can
20 understand, remember, carry out, interact with others, concentrate, persist, and maintain pace in
21 the work setting." AR 1543. This is a valid basis on which to not consider parts of a medical
22 opinion. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (upholding rejection of opinion
23 because it "did not provide useful statements regarding the degree of [claimant's] limitations").
24

The ALJ found moderate limitations in the identified areas were appropriate because that level of limitation was consistent with the opinions of two state agency consultants. AR 1543. Plaintiff argues the ALJ should have found that Dr. Ernst's opinion "provide[s] further support for the opinions of Dr. Losee and Dr. Hartinger." Dkt. 19 at 6. But the Court "must defer to the ALJ's conclusion" if "the evidence before the ALJ is subject to more than one rational interpretation." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). Plaintiff has therefore not shown the ALJ erred in assessing Dr. Ernst's opinion.

    4. <u>Dr. Hartinger</u>

Dr. Hartinger submitted an opinion in February 2023 opining Plaintiff had marked limitations in her abilities to perform activities within a schedule, maintain regular attendance, and be punctual; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal workday and work week without interruptions from psychologically based symptoms. AR 2315–19.

The ALJ found Dr. Hartinger's opinion unpersuasive because "Dr. Hartinger's opinion [was] not supported by her one-time telephonic normal mental status examination finding the claimant cooperative with a normal thought process, normal perception, a normal fund of knowledge, normal concentration, normal abstract thinking, normal judgment, and normal insight." AR 1543 (citing AR 2319). This was a valid basis on which to reject Dr. Hartinger's opinion. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (affirming rejection of medical opinion that "included only conclusions regarding functional limitations without any rationale for those conclusions" along with largely normal mental status findings); 20 C.F.R. § 404.1520c(c)(3) (ALJ may consider frequency of examinations in determining persuasiveness of opinion); *see also Ford*, 950 F.3d at 1154 ("A conflict between a treating physician's medical

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 9

opinion and his own notes is a clear and convincing reason for not relying on the doctor's opinion . . . .") (quotation omitted). Although Dr. Hartinger's examination found abnormal results in Plaintiff's memory, orientation, and mood, the ALJ reasonably found the remaining normal results undermined Dr. Hartinger's opinion, as Dr. Hartinger opined only mild or moderate memory-related limitations and the remaining normal examination findings suggested a higher degree of functioning than opined. *See Stiffler*, 102 F.4th at 1107 (normal concentration, judgment, speech, and interactions reasonably found to undermine opined extreme and marked limitations).

The ALJ also found Dr. Hartinger's opinion "inconsistent with the normal mental status examination findings" in the record. AR 1543. As discussed, the ALJ's finding that Plaintiff's mental status examinations were inconsistent with finding significant mental limitations was supported by substantial evidence. This was also a valid basis on which to reject Dr. Hartinger's opinion. *See Woods*, 32 F.4th at 792–93 (upholding rejection of medical opinion "because it was inconsistent with the overall treating notes and mental status exams in the record").

In sum, the ALJ properly articulated his reasons for rejecting Dr. Hartinger's opinion and these reasons were supported by substantial evidence.

5. <u>State Agency Consultants</u>

The ALJ found persuasive the opinions of state agency consultants Drs. Comrie, Postovoit, Hale, and Fitterer, and included the limitations opined by these providers in the RFC. AR 1541–42. The ALJ found all of these opinions well-supported by "a reasonable explanation and the available evidence." *Id.* The ALJ found Drs. Hale and Fitterer's opinions concerning to Plaintiff's physical limitations consistent with Plaintiff's normal physical examination findings, and that further limitations would be inconsistent with such findings. *Id.*; *see also* AR 1539

(describing normal physical exam findings). The ALJ similarly found Drs. Comrie and Postovoit's opinions concerning Plaintiff's mental limitations consistent with normal mental status examinations throughout the record. AR 1541–42. As discussed, such findings are supported by substantial evidence. Additionally, the ALJ properly found the consultants' familiarity with agency regulations and some of the evidence in the record bolstered their opinions. *See id.*; 20 C.F.R. § 404.1520c(c)(5).

Plaintiff contends the opinions are "lacking in both supportability and consistency" (Dkt. 19 at 18) but the ALJ adequately pointed to "more than a mere scintilla" of evidence to support his conclusion, and thus, his determination was supported by substantial evidence. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019); *see also Andrews v. Shalala*, 1041 ("[T]he report of a nonexamining, nontreating physician need not be discounted when it is not contradicted by *all other evidence* in the record.") (quotation omitted, emphasis in original).

Plaintiff also contends (Dkt. 19 at 18) the opinions should have been rejected because the sources did not review evidence after August 2018, but the regulations do not require a source be discounted simply because that source did not consider all evidence. *See* 20 C.F.R. § 404.1520c(b)(2), 404.1520c(c)(5) (extent source familiar with evidence is valid consideration but not one of "most important factors" they must articulate their analysis of); *see also Elsey v. Saul*, 782 Fed. App'x 636, 637 (9th Cir. 2019) (unpublished) ("The [pre-2017] regulations require that an ALJ evaluate the degree to which a non-examining source considers the evidence, not that a failure to consider all evidence requires the source to be discounted.").

**C.     The RFC Assessment**

Plaintiff also contends the RFC was erroneous because it did not include limitations supported by her testimony and the medical opinions she contends were improperly evaluated.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 11

*Id.* at 24–25. Because the Court concludes the ALJ did not err in considering that evidence, the Court rejects this argument. Plaintiff also asserts that, because the ALJ's 2023 RFC is identical to the one formulated in his 2019 decision, the ALJ failed to make a "true de novo disability determination." *Id.* But the ALJ was not required to make a de novo disability determination. Judge Creatura's order imposed no such requirement. *See* AR 1617. Plaintiff cites to *Cody v. Kijakazi*, 48 F.4th 956, 962–63 (9th Cir. 2022), which involved the proper remedy for an appointments clause violation. But no such violation has been alleged in this case. *See generally* Dkt. 19. Indeed, all SSA ALJs were validly appointed in July 2018, over a year before the ALJ's first decision was issued. *See Carr v. Saul*, 593 U.S. 83, 86–87 (2021).

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 2nd day of August, 2024.

David W. Christel
United States Magistrate Judge